**IT IS SO ORDERED.**



ENTERED PURSUANT TO ADMINISTRATIVE ORDER
NO. 12-02: KENNETH J. HIRZ, CLERK OF COURT

BY:  /s/ Kelly Migletz
          Deputy Clerk

Dated:  February 24, 2014 11:44:18 AM

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: <br> ANGELA S. DATTILIO <br><br>          Debtor(s). | CASE NUMBER     13-40596 <br><br> HONORABLE KAY WOODS |
| ANDREW W. SUHAR, CHAPTER 7 TRUSTEE <br><br>          Plaintiff(s), <br><br> v. <br><br> HOME DEPOT CREDIT SERVICES A DIVISION OF CITIBANK, NA <br><br>          Defendant(s). | ALL DOCUMENTS REGARDING THIS ACTION **MUST** BE IDENTIFIED BY **BOTH** ADVERSARY AND BANKRUPTCY CASE NUMBERS. <br><br> ADVERSARY NUMBER   14-4012 |

### ADVERSARY CASE MANAGEMENT INITIAL ORDER

This order shall apply in this adversary proceeding pursuant to the requirements of FED. R. BANKR. P. 7016 and shall not be modified except by leave of the Court upon a showing of good cause.  The term counsel, as it is used in this order, includes the case attorney and any other attorney designated or authorized to

appear in this proceeding as well as any individual or entity appearing *pro se*.

**Counsel for Plaintiff(s) is responsible for serving a copy of this order with the complaint and summons on each named Defendant**. Counsel for all parties are expected to be fully aware of and comply with the directives set forth herein. Counsel for Plaintiff(s) shall be held accountable for the failure of a Defendant to comply with this order if counsel for Plaintiff(s) fails to serve the order. **Counsel for Plaintiff(s) shall promptly file a certificate of service certifying service of a copy of this order on each Defendant**.

### 1. LOCAL AND BANKRUPTCY RULES.

All counsel shall familiarize themselves with and follow the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Ohio. Copies of the Local Bankruptcy Rules are available on the Court's website at www.ohnb.uscourts.gov or from the Clerk of the Bankruptcy Court in the Northern District of Ohio.

### 2. DISCOVERY.

Formal discovery shall begin promptly upon service of the summons and complaint consistent with FED. R. CIV. P. 26 and, unless so ordered otherwise by the Court, **shall be completed by the one hundred twentieth (120th) day following such service.** Counsel are expected to comply with discovery requirements. Counsel conducts "informal discovery" at his/her own peril because "informal

discovery" is no substitute for the formal discovery process.  The initial disclosure requirements of FED. R. CIV. P. 26(a) shall not apply, unless specifically ordered by the Court.

Pursuant to FED. R. CIV. P. 16(b) and 26(f), incorporated and made applicable to this proceeding by FED. R. BANKR. P. 7016 and 7026, the parties must confer, as soon as possible, to develop a proposed discovery plan.  Counsel for Plaintiff(s) and Defendant(s) share responsibility for arranging the conference and attempting in good faith to agree to a proposed discovery plan.  Counsel for Plaintiff(s) and Defendant(s) shall file, within sixty (60) days after service of the summons and complaint, a discovery plan in substantially the same form as the attached proposed discovery plan.

If the parties jointly agree to a discovery plan longer than the one hundred twenty (120) day period referenced above and timely file such plan with the Court, it is not necessary to file a motion to extend the discovery cutoff through the date specified in the discovery plan.  Thereafter, any proposed extension(s) of discovery shall be made by motion, which shall: (i) include a reason for the requested extension; and (ii) be filed prior to the close of the discovery period.  If the parties do not file a proposed discovery plan, discovery shall be governed by the one hundred twenty (120) day default provision referenced above.

Discovery disputes may be brought to the Court's attention by appropriate motion, subject to applicable Local Bankruptcy Rules,

3

14-04012-kw    Doc 2    FILED 02/24/14    ENTERED 02/24/14 11:45:08    Page 3 of 10

the provisions of FED. R. BANKR. P. 7026-37 and other provisions of applicable law. The Court will consider appropriate sanctions to parties or their counsel for failure to respond to discovery requests. In the case of a corporate or partnership party, sanctions may be made applicable to officers, partners, agents or employees.

### 3. MOTIONS FOR DEFAULT JUDGMENT.

If a party fails to timely answer, move or otherwise plead in response to a claim, a cross-claim or a counter-claim, the party asserting such claim may file a motion for default judgment specifying that proper service was made upon the defaulting party and that such party has failed to timely appear, answer, move or plead. If the party against whom default is sought is an individual, an appropriate affidavit setting forth that the individual is not a minor, incompetent or in the military service shall accompany such motion. The Court will hold hearings on motions for default judgment. In chapter 7 and 13 cases, the moving party shall select a hearing date from the Court's website and shall provide notice of the hearing that provides at least twenty-one (21) days for a response to be filed. In chapter 11 and 12 cases, the moving party shall obtain a hearing date from the Courtroom Deputy at 330-742-0906.

### 4. TELEPHONIC STATUS CONFERENCES.

Following a review of the initial pleadings and the proposed discovery plan, the Court may: (i) schedule a telephonic

4

status conference by entry of the Clerk; or (ii) issue an order setting an in-person pretrial conference.

Pretrials designated as "telephonic" status conferences will be conducted by telephone. The Court will contact each counsel at his/her respective telephone number set forth on the docket, unless counsel timely notifies the Courtroom Deputy of an alternate telephone number.

Immediately following the close of discovery, the Court will schedule a telephonic status conference where the parties shall: (i) report on discovery; (ii) discuss whether the case is a candidate for summary judgment; and/or (iii) obtain a final pretrial date. Counsel may request a telephonic status conference prior to the close of discovery by contacting the Courtroom Deputy at 330-742-0906 and specifying the reason for such request, as well as the subject matter to be discussed at the requested conference.

### 5. DISPOSITIVE MOTIONS.

#### A. Leave of Court Required

A motion for summary judgment may be filed only if the movant first obtains leave of the Court. Such motion for leave shall be filed subsequent to the close of discovery and prior to the Court setting a final pretrial date. The motion for leave shall set forth the elements of the movant's claim(s) or defense(s) and shall be accompanied by a joint stipulation of facts demonstrating that: (i) there are no disputed facts; and (ii) no genuine issue of material fact exists. When an issue of material fact is

5

unreasonably disputed and the moving party has testimonial or documentary evidence to prove the material fact, the party shall include in the motion for leave: (i) identification of the material fact; (ii) the reason for the dispute; and (iii) the basis for alleging that the fact cannot be reasonably disputed. If a party files a motion for summary judgment without leave of the Court, the motion for summary judgment may be stricken by the Court *sua sponte.*

### B. Response Time

Motion practice is governed by LBR 9013-1 and 9013-2. For all dispositive motions (*e.g.*, summary judgment, Defendant's motion to dismiss, motion for judgment on the pleadings), the opposing party shall file a response within fourteen (14) days after the motion is filed and served. The movant may file a reply within seven (7) days after the response is filed and served. Absent prior leave of the Court, no further pleading will be permitted.

### 6. FINAL PRETRIALS.

The Court shall conduct a final pretrial on the record — with counsel and all parties required to be present — prior to setting a trial date. At the final pretrial conference, counsel shall be prepared to discuss:

(a) the estimated time for presentation of its case-in-chief and/or defense;

(b) any pre-trial motions, including motions *in limine*, the party anticipates filing;

(c) each cognizable claim and/or defense;

(d) exhibit and witness lists, which include a summary of the

testimony to be presented by each witness;

- (e) the formulation and simplification of issues, including the elimination of frivolous claims and/or defenses;

- (f) the possibility of obtaining admissions of fact and stipulations regarding authenticity of documents;

- (g) the avoidance of unnecessary proof and of cumulative evidence;

- (h) the current status of settlement negotiations, the possibility of settlement and the use of alternative dispute resolution procedures; and

- (i) such other matters as may aid in the disposition of the adversary action.

Unless otherwise instructed and/or so ordered by the Court, counsel **shall appear with clients at the final pretrial**. At the final pretrial conference, at least one of the attorneys for each party shall have authority to: (i) settle the case; (ii) enter into stipulations; and (iii) make admissions regarding all matters that participants may reasonably anticipate will be discussed. The provisions of FED. R. CIV. P. 16(f), incorporated herein by FED. R. BANKR. P. 7016, are made specifically applicable to this order. Failure to appear may be sanctioned by dismissal, entry of default or otherwise.

### 7. **ALTERNATIVE DISPUTE RESOLUTION.**

The Court may apply Court-annexed dispute resolution processes where appropriate. Such alternative dispute resolution may take one or more of the forms set forth in the Local Rules of the United States District Court for the Northern District of Ohio, available on the District Court's website at www.ohnd.uscourts.gov.

Any party may move the Court for the application of such dispute resolution alternatives at any time prior to or at a final pretrial conference or thereafter on a showing of cause or agreement of all parties to the proceeding. Any costs attendant thereto may be taxed by the Court equally among the parties or otherwise as the parties may agree. Unless otherwise ordered, any such dispute resolution order by the Court shall be binding on the parties and their counsel.

# # #

THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE:<br><br>[Debtor(s)],<br><br>        Debtor(s). | Case Number [Main Case #] |
| [Plaintiff(s)],<br><br>        Plaintiff(s),<br><br>v.<br><br>[Defendant(s)],<br><br>        Defendant(s). | Adversary Number [Adversary #] |

## P R O P O S E D   D I S C O V E R Y   P L A N

1. This is the recommended discovery plan of _____
                                                                                            (Name of Party / Parties)

2. This is an action for _____
   _____
   _____ and is brought pursuant to _____
                                                                                   (Cite Statutes and Rules)

3. Recommended discovery plan:

   (a) Discovery will be needed on the following subjects: (brief description of subjects on which discovery will be needed) _____
   _____
   _____
   _____

   (b) All discovery will be commenced in time to be completed by _____
                                                                                                                             (Date)

   (c) Each party will serve a maximum number of _____ interrogatories on any other party.

   (d) Each party will make a maximum number of _____ requests for admission.

(e) Plaintiff(s) may conduct a maximum number of _____ depositions.

Defendant(s) may conduct a maximum number of _____ depositions.

(f) Each party will disclose experts by _____
 (Date)

(g) Does either party contemplate discovery involving non-parties?_____
If so, identify those individuals: _____
_____
_____
_____

**In the event of a discovery dispute, the parties are directed to comply with LBR 7026-1 and FED. R. CIV. P. 37(a) prior to filing any motion to compel discovery.**

4. The proceedings should be ready for trial by _____. The trial is expected to
 (Date)
take approximately _____ hours / days.

5. Are the parties amenable to mediation or other alternative dispute resolution?

If "yes," please specify the appropriate time to conduct alternative dispute resolution:

6. List any other matters that will aid the Court in preparation of the case for trial.

_____
Counsel for Plaintiff(s)

_____
Counsel for Defendant(s)

2